UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMSEY COULTER, individually, on behalf of other similarly situated consumers,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br><br>EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>　　　　Defendant. | Case No.:<br><br><br><br><br>CLASS ACTION COMPLAINT |

Plaintiff, Ramsey Coulter (hereinafter "Plaintiff" or "Coulter") alleges:

## PRELIMINARY STATEMENT

1.　This is an action for damages arising from Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2.　This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.　Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.　Plaintiff is a natural person, who at all relevant times has resided in West Brandywine, Pennsylvania

1

5.      Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in New York with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

**FACTUAL STATEMENT**

6.      On or about April 2015, Plaintiff was unable to meet his financial obligations and declared a Chapter 7 Bankruptcy.

7.      Plaintiff's American Express credit card was included within this bankruptcy.

8.      On or about March 26, 2018, Plaintiff reviewed his Experian credit report and noticed a change in the way his American Express account was being reported to Experian. Prior to this date, the Date of Status was being reported as 4/2015—the timeframe in which Plaintiff filed for bankruptcy, and the last time the status of the account had changed. However, in March 2018, Plaintiff noticed that the Date of Status was changed to 4/2016.

9.      This change made it appear as though Plaintiff's American Express account was discharged more recently, and negatively affected Plaintiff's credit score by bringing a negative account more recent.

10.     Plaintiff disputed the date change by mailing a dispute letter to Experian.

11.     Experian forwarded Plaintiff's dispute to American Express.

12.     American Express than failed to conduct a reasonable investigation and verified that the dates were reporting accurately.

13.     Experian failed to conduct a reasonable investigation and allowed American Express to report the 4/2016 date. Not only this, Experian continued to issue new credit reports with this erroneous date throughout 2020.

14.     Upon information and belief, the date of status change affecting Plaintiff was the result of new credit reporting policies initiated by American Express, and revised credit reporting practices in data transmissions to Experian. Accordingly, Plaintiff is one of many consumers whose data was subject to inaccurate dates as a result of American Express's new policy, and Experian's acceptance of these policies.

## CLASS ACTION ALLEGATIONS

### The Class

15.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16.     Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All natural persons within the Commonwealth of Pennsylvania that had an American Express credit card discharged in bankruptcy reporting on an Experian credit report that had the Date of Status changed after the institution of American Express's new credit reporting policy within the five years of the filing of this Complaint.**

17.     Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

18.     Upon information and belief, American Express has updated thousands of credit reports as part of a policy change. With this policy change, American Express intentionally reported inaccurate dates within its credit reportings to Experian. Experian has allowed American Express

to erroneously update thousands of trade lines. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

### Common Questions of Law and Fact

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendants violated various provisions of the FCRA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendants; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

21. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## **Proceeding Via Class Action is Superior and Advisable**

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

25. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages.

31. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## by Experian

32. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

33. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

34. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

35. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

36. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

37. Experian's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court do the following:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiffs' Counsel as Lead Counsel;

    B. Enter judgment against Defendants for statutory damages;

    C. Enter judgment against Defendants for actual damages;

    D. Award costs and reasonable attorneys' fees;

    E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial on all issues so triable.

Dated this 6th of April, 2020.

Respectfully Submitted,

*/s/ Nicholas Linker*
Nicholas Linker, Esq.
**Zemel Law LLC**
1373 Broad St. Suite 203-C
Clifton, NJ 07014
(P) (862) 227-3106
nl@zemellawllc.com
Attorney for Plaintiff